An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-1193

Filed 5 August 2026

Buncombe County, No. 22CR711910-100

STATE OF NORTH CAROLINA

v.

JOSHUA CHARLES WOOD, Defendant.

Appeal by defendant from judgment entered 9 May 2023 by Judge Jacqueline D. Grant in Buncombe County Superior Court. Heard in the Court of Appeals 14 July 2026.

> *Attorney General Jeff Jackson, by Assistant Attorney General Jodi L. Regina, for the State.*

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Katherine Jane Allen, for defendant-appellant.*

PER CURIAM.

Defendant Joshua C. Wood appeals following a jury verdict finding him guilty of carrying a concealed gun. For the foregoing reasoning, we conclude Defendant received a fair trial, free of reversible error.

## I.    Background

At trial, the State's evidence tended to show as follows:  A Walmart protection investigator believed she saw Defendant shoplift several items from an Asheville Walmart.   The investigator then notified an off-duty police officer, and they apprehended Defendant in the Walmart restroom while Defendant was attempting to use the restroom.  The off-duty officer requested that Defendant empty his pockets and asked if Defendant had any weapons on his person, prompting Defendant to reveal that he had a concealed handgun on his waistline.  Notably, the investigator testified Defendant's handgun was completely concealed and she did not see it while following Defendant through the store.  The officer also did not see the firearm when he encountered Defendant.  Defendant, though, maintained his hoodie accidentally covered the grip but normally he tucks the sweater behind the gun.

## II.    Analysis

Defendant argues the State failed to provide sufficient evidence Defendant had the requisite specific intent for the jury to convict Defendant of carrying a concealed weapon.[1]  We disagree.

To overcome a motion to dismiss, "the State faces a 'low bar' " and must merely show "more than a scintilla of evidence" of each element of the crime and that the defendant committed the crime.  *State v. Perry*, 389 N.C. 88, 92 (2026) (citations

---

[1] Accordingly, Defendant has abandoned a challenge to the other elements of the offense, and we do not address them.  *See* N.C. R. App. P. 28(b)(6).

omitted). "[W]e view the evidence in the light most favorable to the State, resolving all conflicts in the evidence in favor of the State and giving it the benefit of all reasonable inferences." *Id.* (citation omitted). When the evidence is circumstantial, "the question for the Court is whether a reasonable inference of [the] defendant's guilt may be drawn from the circumstances." *Id.* (citation omitted). "Further, . . . the defendant's evidence, unless favorable to the State, *is not to be taken into consideration.*" *Id.* (emphasis added and citations omitted). "[W]e review the denial of a motion to dismiss de novo." *State v. Ford*, 388 N.C. 713, 719 (2025) (citations omitted).

To be convicted of carrying a conceal weapon, the State must prove, *inter alia*, the defendant "willfully and intentionally . . . carr[ied] [the gun] concealed about his . . . person . . . ." N.C.G.S. § 14-269(a1); *see also State v. Sauls*, 199 N.C. 193, 195 (1930) (a defendant must intend "to carry the weapon concealed").

We conclude there was "more than a scintilla of evidence" from which the jury could infer Defendant's intent to conceal his handgun.

Neither the property investigator—who followed Defendant for an hour prior to the point where Defendant claims his hoodie accidentally covered his handgun in the restroom—or the off-duty officer saw Defendant's handgun; both testified that the gun was fully concealed. Body-camera footage from the officer likewise confirms Defendant's handgun is concealed after he is removed from the restroom. The officer also testified Defendant was using an inside-the-belt holster, a type of holster used

for "concealed carry purposes" as it permits clothing to cover the weapon, on his waistline underneath his hoodie. Additionally, the officer testified that Defendant initially stated he had a concealed carry permit, when that was actually false, following a database search. We must also ignore Defendant's evidence tending to undermine the State's, *see Perry*, 389 N.C. at 92, such as the fact that Defendant always carries with the grip exposed and that his hoodie accidentally covered the grip when he was rushed out of the restroom stall. *See also Sauls*, 199 N.C. at 194 (concluding that when there is conflicting evidence of whether a weapon is accidentally concealed the trial court should deny the motion to dismiss and submit the case to the jury).

Accordingly, there was sufficient evidence from which the jury could infer Defendant's intent to conceal the handgun, and thus, the trial court did not err in denying his motion to dismiss.

### III. Conclusion

Defendant received a fair trial, free from reversible error.

NO ERROR.

Panel consisting of Chief Judge DILLON and Judges WOOD and GORE.

Report per Rule 30(e).